UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT LEWIS JAMES,

                    Petitioner,

v.                                    Case No. 3:10-cv-731-J-34JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                    Respondents.

_____

## ORDER

## I. Status

     Petitioner Robert Lewis James, an inmate of the Florida penal
system, initiated this action by filing a pro se Petition for Writ
of Habeas Corpus (Petition) (Doc. #1) and Memorandum of Law (Doc.
#2) under 28 U.S.C. § 2254 on August 19, 2010.  James challenges a
2006 state court (Duval County, Florida) judgment of conviction for
sale or delivery of cocaine and possession of cocaine.  Respondents
have submitted a memorandum in opposition to the Petition.  See
Respondents' Answer in Response to Order to Show Cause and Petition
for Writ of Habeas Corpus (Response) (Doc. #9) with exhibits (Resp.
Ex.).  On September 2, 2010, the Court entered an Order to Show
Cause and Notice to Petitioner (Doc. #6), admonishing James
regarding his obligations and giving James a time frame in which to
submit a reply.  James submitted a brief in reply on January 11,
2011.  See Petitioner's Respon[se] to Respondents' Response (Reply)
(Doc. #11).  This case is ripe for review.

## II. Procedural History

On February 16, 2006, the State of Florida charged Robert James with sale or delivery of cocaine (count one) and possession of cocaine (count two).  Resp. Ex. B, Information.  James entered a plea of guilty on May 18, 2006.  See Resp. Ex. F at 27-73, Transcript of the Plea and Sentencing Proceeding (Tr.); 74-75, Plea of Guilty.  That same day, the trial court adjudicated James guilty of both counts and sentenced him, as a habitual felony offender, to a term of fifteen years imprisonment on count one and a term of five years imprisonment on count two, to run concurrently to the term imposed for count one.  Resp. Ex. D, Judgment.  James did not appeal.

On September 18, 2006, James filed a pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Resp. Ex. F at 1-8.  In his request for post conviction relief, James asserted that counsel (Kimberly Sadler) was ineffective because she failed to: negotiate a defined plea (ground three); object to the imposition of a habitual felony offender sentence (ground four); and file a timely notice of appeal (ground five).  Additionally, James asserted that the State failed to provide written notice of its intent to seek a habitual offender sentence, which hindered his ability to intelligently and knowingly enter the plea (ground one), and the trial court failed to determine if he was personally aware of the possibility and

reasonable consequences of habitualization or of entering into an open plea (ground two).  The trial court denied the Rule 3.850 motion on December 17, 2009.  Id. at 10-12.  On May 11, 2010, the appellate court affirmed the trial court's decision per curiam, see James v. State, 36 So.3d 659 (Fla. 1st DCA 2010); Resp. Ex. I, and the mandate issued on June 8, 2010, see Resp. Ex. I.

On May 26, 2010, James filed a second pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Resp. Ex. J at 1-17.  In this request for post conviction relief, James asserted that counsel was ineffective because she: allowed him to plead guilty to both counts in violation of double jeopardy (ground one); permitted him to plead guilty to both counts when his actions only constituted purchasing cocaine, not sale or delivery of cocaine (ground two); and failed to investigate and present the entrapment defense (ground three).  Finding that the motion was filed more than two years after James' conviction became final, the trial court denied the motion as procedurally barred on June 1, 2010.  Id. at 18-19.  On August 4, 2010, the appellate court affirmed the trial court's decision per curiam, see James v. State, 41 So.3d 895 (Fla. 1st DCA 2010); Resp. Ex. E, and the mandate issued on August 31, 2010, see Resp. Ex. E.

### III. One-Year Limitations Period

The Petition is timely filed within the one-year period of limitations.  See 28 U.S.C. § 2244(d); Response at 4-5.

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

### V. Exhaustion/Procedural Default

There are prerequisites to a federal habeas review.  Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction.  See 28 U.S.C. § 2254(b), (c).  To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351 (1989) (emphasis omitted).  Thus, to properly exhaust

4

a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In addressing exhaustion, the United States Supreme Court explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)) To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S.Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

The United States Supreme Court discussed the doctrine of procedural default:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not

5

> review the merits of claims, including
> constitutional claims, that a state court
> declined to hear because the prisoner failed
> to abide by a state procedural rule. See,
> e.g., Coleman,[1] supra, at 747-748, 111 S.Ct.
> 2546; Sykes,[2] supra, at 84-85, 97 S.Ct. 2497.
> A state court's invocation of a procedural
> rule to deny a prisoner's claims precludes
> federal review of the claims if, among other
> requisites, the state procedural rule is a
> nonfederal ground adequate to support the
> judgment and the rule is firmly established
> and consistently followed. See, e.g., Walker
> v. Martin, 562 U.S. --, --, 131 S.Ct. 1120,
> 1127-1128, 179 L.Ed.2d 62 (2011); Beard v.
> Kindler, 558 U.S. --, --, 130 S.Ct. 612,
> 617-618, 175 L.Ed.2d 417 (2009). The doctrine
> barring procedurally defaulted claims from
> being heard is not without exceptions. A
> prisoner may obtain federal review of a
> defaulted claim by showing cause for the
> default and prejudice from a violation of
> federal law. See Coleman, 501 U.S., at 750,
> 111 S.Ct. 2546.

Martinez v. Ryan, 132 S.Ct. 1309, 1316 (2012).

Thus, procedural defaults may be excused under certain circumstances: notwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice. Maples v. Thomas, 132 S.Ct. 912, 922 (2012) (citations omitted); In Re Davis, 565 F.3d 810, 821 (11th Cir. 2009) (citation omitted). In order for Petitioner to establish cause,

---

[1] Coleman v. Thompson, 501 U.S. 722 (1991).

[2] Wainwright v. Sykes, 433 U.S. 72 (1977).

the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting Carrier,[3] 477 U.S. at 488, 106 S.Ct. 2639). Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." Id. at 1261 (quoting Carrier, 477 U.S. at 494, 106 S.Ct. 2639).

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir. 1999), cert. denied, 528 U.S. 934 (1999).

In Martinez, the Supreme Court modified the general rule in Coleman[4] to expand the "cause" that may excuse a procedural default. Martinez, 132 S.Ct. at 1315.

Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or

---

[3] Murray v. Carrier, 477 U.S. 478 (1986).

[4] "Negligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'" Maples v. Thomas, 132 S.Ct. 912, 922 (citing Coleman, 501 U.S. at 753). The Court reasoned that, under principles of agency law, the attorney is the prisoner's agent, and therefore, the principal bears the risk of negligent conduct on the part of his agent. Coleman, 501 U.S. at 753-54. In Coleman, the alleged ineffectiveness of counsel was on appeal from an initial-review collateral proceeding, and in that proceeding the prisoner's claims had been addressed by the state habeas trial court. Id. at 755. However, the Martinez Court addressed inadequate assistance of counsel at an initial-review collateral proceeding.

with ineffective counsel, may not have been
sufficient to ensure that proper consideration
was given to a substantial claim.  From this
it follows that, when a State requires a
prisoner to raise an ineffective-assistance-
of-trial-counsel claim in a collateral
proceeding, a prisoner may establish cause for
a default of an ineffective-assistance claim
in two circumstances. The first is where the
state courts did not appoint counsel in the
initial-review collateral proceeding for a
claim of ineffective assistance at trial. The
second is where appointed counsel in the
initial-review collateral proceeding, where
the claim should have been raised, was
ineffective under the standards of <u>Strickland</u>
<u>v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984). To overcome the
default, a prisoner must also demonstrate that
the underlying ineffective-assistance-of-
trial-counsel claim is a substantial one,
which is to say that the prisoner must
demonstrate that the claim has some merit. <u>Cf</u>.
<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 123 S.Ct.
1029, 154 L.Ed.2d 931 (2003) (describing
standards for certificates of appealability to
issue).

<u>Id</u>. at 1318-19.

In the absence of a showing of cause and prejudice, a
petitioner may receive consideration on the merits of a
procedurally defaulted claim if he can establish that a fundamental
miscarriage of justice, the continued incarceration of one who is
actually innocent, otherwise would result.  The Eleventh Circuit
has explained:

[I]f a petitioner cannot show cause and
prejudice, there remains yet another avenue
for him to receive consideration on the merits
of his procedurally defaulted claim.  "[I]n an
extraordinary case, where a constitutional
violation has probably resulted in the

> conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." <u>Carrier</u>, 477 U.S. at 496, 106 S.Ct. at 2649.[5] "This exception is exceedingly narrow in scope," however, and requires proof of actual innocence, not just legal innocence. <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001).

<u>Ward v. Hall</u>, 592 F.3d 1144, 1157 (11th Cir. 2010), <u>cert</u>. <u>denied</u>, 131 S.Ct. 647 (2010).  "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)), <u>cert</u>. <u>denied</u>, 535 U.S. 926 (2002). Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." <u>Calderson v. Thompson</u>, 523 U.S. 538, 559 (1998) (quoting <u>Schlup</u>, 513 U.S. at 324).  With the rarity of such evidence, in most cases, allegations of actual innocence are ultimately summarily rejected. <u>Schlup</u>, 513 U.S. at 324.

## VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citing <u>Wiggins v. Smith</u>,

---

[5] <u>Murray v. Carrier</u>, 477 U.S. 478 (1986).

539 U.S. 510, 521 (2003), and <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [<u>Strickland</u>,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. <u>Id</u>., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id</u>., at 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[6] A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." <u>Id</u>., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Id</u>., at 687, 104 S.Ct. 2052.

<u>Harrington v. Richter</u>, 131 S.Ct. 770, 787-88 (2011).

Since both prongs of the two-part <u>Strickland</u> test must be satisfied to show a Sixth Amendment violation, "a court need not

---

[6] In the context of an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, a petitioner must show  there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward, 592 F.3d at 1163 (citation omitted).   "Surmounting Strickland's high bar is never an easy task." Harrington, 131 S.Ct. at 788 (quoting Padilla v. Kentucky, 130 S.Ct. 1473, 1485 (2010)).

A state court's adjudication of an ineffectiveness claim is accorded great deference.  "The standards created by Strickland and § 2254(d) are both 'highly deferential,' [Strickland], at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, Knowles[7], 556 U.S., at ----, 129 S.Ct. at 1420." Harrington, 131 S.Ct. at 788.

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, supra, at 473, 127 S.Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

Knowles v. Mirzayance, 556 U.S. 111, 123 (2009); see also Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In

---

[7] Knowles v. Mirzayance, 556 U.S. 111 (2009).

addition to the deference to counsel's performance mandated by
Strickland, the AEDPA adds another layer of deference--this one to
a state court's decision--when we are considering whether to grant
federal habeas relief from a state court's decision.").

## VII. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, James asserts that counsel was ineffective
because she failed to object when he pled guilty to both counts in
violation of double jeopardy. James raised this ineffectiveness
claim in his second Rule 3.850 motion. Resp. Ex. J at 1-17.
Finding that the motion was untimely filed, the trial court denied
it as procedurally barred on June 1, 2010. Id. at 18-19. The
appellate court affirmed the denial per curiam.

Respondents contend that the claim was not properly exhausted,
and therefore, is procedurally barred since it was raised in a
procedurally incorrect manner in state court. See Response at 5-7.
This Court agrees. James has not shown either cause[8] excusing the
default or actual prejudice resulting from the bar. Moreover, he
has failed to identify any fact warranting the application of the
fundamental miscarriage of justice exception.

---

[8] "To overcome the default, a prisoner must also demonstrate
that the underlying ineffective-assistance-of-trial-counsel claim
is a substantial one, which is to say that the prisoner must
demonstrate that the claim has some merit." Martinez, 132 S.Ct. at
1318 (citation omitted). As shown in the alternative merits
analysis, this ineffectiveness claim lacks any merit. Thus, James
has not shown he can satisfy an exception to the bar.

Even assuming that the claim is not procedurally barred, James, nevertheless, is not entitled to relief on the basis of this claim.  In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence.  The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.  "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citations omitted).  Thus, James must establish that no competent attorney would have taken the action that counsel, here, chose.

Indeed, the test for ineffectiveness is neither whether counsel could have done more nor whether the best criminal defense attorneys might have done more; in retrospect, one may always identify shortcomings. Waters v. Thomas, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance") (quotations omitted), cert. denied, 516 U.S. 856 (1995).  Instead, the test is whether what counsel did was within the wide range of reasonable professional assistance. Ward v. Hall, 592 F.3d at 1164 (quotations and citation omitted); Dingle v. Sec'y for Dept. of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) ("The question is whether some reasonable lawyer at the trial

could have acted as defense counsel acted in the trial at issue and not what 'most good lawyers' would have done.") (citation omitted), cert. denied, 552 U.S. 990 (2007).   James failed to carry this burden.

Given the record, in this case, counsel's performance was within the wide range of professionally competent assistance. Contrary to James' assertion, there was no double jeopardy violation.   Indeed, sale or delivery of cocaine (count one) and possession of cocaine (count two) are not the same offense in that each crime contains an element that the other does not.   See Fla. Stat. §§ 893.13(1)(a)1, 893.13(6)(a); Tyler v. State, 107 So.3d 547 (Fla. 1st DCA 2013); State v. McCloud, 577 So.2d 939, 940-41 (Fla. 1991) (per curiam); Response at 15-17; See Tr. at 37-39 (prosecutor's recitation of the factual basis for the plea); 32-33 (prosecutor's statement that the cocaine in the possession charge was not the same cocaine as in the sale or delivery charge).

Even assuming arguendo deficient performance by defense counsel, James has not shown prejudice. James has not shown a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.   At the plea and sentencing hearing, James acknowledged that he pled guilty because he was in fact guilty of the charges.   Tr. at 37, 59.   Additionally, the State's evidence against James was

substantial.[9]  If James had proceeded to trial and a jury had found him guilty of the two counts, he faced the possibility of imprisonment for forty years.[10]  At the hearing, James acknowledged that he understood the sentencing exposure if he proceeded to trial.  Id. at 34-35.  Therefore, his ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.

## B. Ground Two

As ground two, James asserts that counsel was ineffective because she permitted him to plead guilty to sale or delivery of cocaine when his actions in obtaining the cocaine for the undercover agents only amounted to the purchase of cocaine.  James raised this ineffectiveness claim in his second Rule 3.850 motion. The trial court denied the motion as untimely filed, and the appellate court affirmed the denial per curiam.

Respondents argue that the claim was not properly exhausted and therefore is procedurally barred since it was raised in a procedurally incorrect manner in state court.  See Response at 17. This Court agrees.  James has not shown either cause[11] excusing the default or actual prejudice resulting from the bar.  Moreover, he

---

[9] See Tr. at 37-39.

[10] See Tr. at 33, 34.

[11] As shown in the alternative merits analysis, this ineffectiveness claim lacks any merit.  Thus, James has not shown he can satisfy an exception to the bar.

15

has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception.

Even assuming that the claim is not procedurally barred, James is still not entitled to relief on the basis of this claim. As previously stated, James pled guilty to sale or delivery of cocaine (count one) and possession of cocaine (count two). James signed the plea form, which states: "I hereby enter my plea of guilty because I am guilty." Resp. Ex. F at 74, Plea of Guilty. At the plea and sentencing hearing, the trial judge requested that the prosecutor briefly recite the facts that the State would be prepared to prove if James proceeded to trial. Tr. at 37. The prosecutor stated:

> If taken to trial the State of Florida would have been prepared to prove beyond a reasonable doubt that on February 3rd, 2006, in Duval County, Florida, the defendant Robert Lewis James did unlawfully sell or deliver a controlled substance named in section 893.03(2)(A)(4), specifically Florida Statutes specifically cocaine. Contrary to section 893.13(1)(A)(1) Florida Statutes.
>
> On that same date and time in Duval County, Florida, he did unlawfully knowingly possess cocaine, a controlled substance named in section 893.03(2)(A)(4) Florida Statutes contrary to 893.13(6)(A) Florida Statutes.
>
> Judge, this encountered [sic] when the defendant was in contact with undercover narcotics detectives of the Jacksonville Sheriff's Office. After a brief conversation he agreed to sell them crack cocaine. He got into the undercover vehicle they were driving and directed them to the area of Sandlin Road. He was given $30 of Sheriff's Office money and

16

he advised the detectives that they would have
to pay him $20 for doing the deal for the risk
it involved.

He then left their vehicle and returned a
few moments later handing over three pieces of
crack cocaine.  At that time he also showed
the detectives four large additional pieces of
crack and stated he had gotten that for a
hundred dollars for someone else.

He then was paid the $20 that he had
requested for doing the deal.  The take-down
name was given and the defendant was arrested.
It was during that arrest and take-down that
he attempted to swallow three pieces of crack
cocaine but ultimately spit them out while he
was being handcuffed.  He dropped the
additional fourth piece on the back seat of
the vehicle.

A search of the defendant revealed $20 he
had just been paid and post arrest he admitted
to the detective who interviewed him that he
did, in fact, give the detective two pieces of
crack in exchange for $30.

Id. at 37-39.  Defense counsel neither objected nor stated any

exceptions to the State's recitation.  Id. at 39.  Accordingly, the

trial court found a factual basis for James' plea.  Id.

Additionally, the trial court found that James had "entered his

plea freely, intelligently and voluntarily with a full and complete

understanding of the nature of the offense, the maximum sentence

and the consequences of his plea."  Id. at 40.

The United States Supreme Court has determined that "the

representations of the defendant . . . [at a plea proceeding] as

well as any findings made by the judge accepting the plea,

constitute a formidable barrier in any subsequent collateral

17

proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). James affirmed that he understood that, by pleading guilty, he was admitting that he had committed the two offenses. Tr. at 37. Additionally, James affirmed that he was guilty of both counts. Id. at 59. In the Petition, James admits that he "delivered" crack cocaine to the undercover officers. See Petition at 6 (stating "Petitioner left there [sic] vehicle with the $30 dollars and returned a few moments later handing over three pieces of alleged crack cocaine). Since the State of Florida properly charged James with sale or delivery of cocaine (count one), counsel's advising James to plead guilty to count one was well within the wide range of professionally competent assistance.

Even assuming arguendo deficient performance by defense counsel, James has not shown a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. James acknowledged that he pled guilty because he was in fact guilty of the charges, see Tr. at 37, 59; Resp. Ex. F at 74, Plea of Guilty, and stated: "I didn't want to take it to trial because I know we have to pay for the crimes that we do and the things that we do." Tr. at 58. Therefore, his ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.

## C. Ground Three

As ground three, James asserts that counsel was ineffective because she failed to investigate and present a defense of entrapment at trial and instead allowed James to plead guilty to both counts.  James raised this ineffectiveness claim in his second Rule 3.850 motion; the trial court denied the motion as untimely filed; and the appellate court affirmed the denial per curiam.

Respondents argue that the claim was not properly exhausted and therefore is procedurally barred since it was raised in a procedurally incorrect manner in state court, see Response at 19, and this Court agrees.  James has not shown either cause[12] excusing the default or actual prejudice resulting from the bar.  Moreover, he has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception.

Even assuming that the claim is not procedurally barred, James is still not entitled to relief on the basis of this claim.  In 1985, the Florida Supreme Court adopted an objective entrapment test to determine if a defendant had been entrapped.  Under that test, entrapment did not occur as a matter of law where police activity (1) had "as its end the interruption of a specific ongoing criminal activity;" and (2) utilized "means reasonably tailored to apprehend those involved in the ongoing activity." Cruz v. State,

_____

[12] As shown in the alternative merits analysis, this ineffectiveness claim lacks any merit. Thus, James has not shown he can satisfy an exception to the bar.

465 So.2d 516, 522 (Fla. 1985), <u>cert</u>. <u>denied</u>, 473 U.S. 905 (1985). However, in 1987, the Florida Legislature enacted section 777.201,[13] which required courts to apply the subjective test for entrapment. The subjective test focuses on a defendant's predisposition to commit the crime while the objective test focuses on the government's conduct. <u>Munoz v. State</u>, 629 So.2d 90, 94-95 (Fla. 1993). In <u>Munoz</u>, the Florida Supreme Court determined that while the Legislature had the authority to adopt the subjective entrapment test, it could not adopt a statute that overruled a judicially established legal principle enforcing or protecting a federal or Florida constitutional right. <u>Id</u>. at 98. Thus, the court found that, in the absence of egregious law enforcement conduct, the subjective test as set forth in section 777.201 was the test to be applied on the issue of entrapment. However, if law enforcement engaged in egregious conduct, an entrapment defense was to be evaluated under the due process provision set forth in Article I, section 9 of the Florida Constitution.  <u>Id</u>. at 99.

James affirmed that he had discussed potential defenses with counsel, that counsel had answered his questions, and that he was

---

[13] Entrapment is defined as "employing methods of persuasion or inducement which create a substantial risk that such crime will be committed by a person other than one who is ready to commit it." Fla. Stat. § 777.201(1).  "Inducement" includes "persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship."  <u>Farley v. State</u>, 848 So.2d 393, 395 (Fla. 4th DCA 2003) (quotations omitted).

fully satisfied with counsel's representation.  <u>Id</u>. at 36, 37.  He also affirmed that it was <u>his</u> desire to enter a plea of guilty to both charges, stating: "That's what I thought would be best."  <u>Id</u>. at 34.  Moreover, at the sentencing hearing, counsel argued that James was "not trying to raise any defenses of entrapment, enticement or anything of that consequence" but was "taking responsibility."  <u>Id</u>. at 62-63.  She explained:

> Judge, my client stands before the Court a man with a severe record, you can see that in the PSI that we ordered.  And he is admitting to that.
>
>           . . . .
>
>      Mr. James is rare.  I've been in with people with sales of cocaine before.  Mr. James is rare.  Mr. James has been always admitting to it.

<u>Id</u>.

Given the facts of the February 3, 2006 drug transaction, there is nothing to suggest that the undercover officers induced James into a drug sale he otherwise would not have participated in that day.  In addition, there was available evidence to show that James was predisposed to commit the crime of sale or delivery of cocaine.  "The fact that government agents 'merely afford opportunities or facilities for the commission of the offense does not' constitute entrapment."  <u>Munoz</u>, 629 So.2d at 93 (citation omitted).  James has not demonstrated entrapment merely because the officers afforded him the opportunity to sell them cocaine by

initiating the contact among them.   Since there were no facts to support James' entrapment defense and given James' desire to plead guilty to the charges, counsel's failure to investigate and present an entrapment defense was well within the wide range of professionally competent assistance.

Even assuming arguendo deficient performance by defense counsel, James has not shown a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.   As previously discussed, the State's evidence against James was substantial, and he did not want to proceed to trial, but rather wanted to take responsibility for the commission of the crimes.   Therefore, his ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice.

## VIII. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If James seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted.   This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. §2253(c)(2).   To make this substantial showing, James "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484

(2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.   The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.   If James appeals the denial of the Petition, the Court denies a certificate of appealability.   Because this Court has

determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

    4.    The Clerk of the Court shall close this case.

    **DONE AND ORDERED** at Jacksonville, Florida, this 14th day of June, 2013.

MARCIA MORALES HOWARD
United States District Judge

sc 5/9
c:
Robert Lewis James
Ass't Attorney General (Heller)

24